# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 3368 | **DATE** | 7/8/13 |
| **CASE TITLE** | Billy Porras (#B-61246) v. Cherri Tarr, et al. | | |

**DOCKET ENTRY TEXT:**

For the reasons set forth below, the Court grants Plaintiff's motion for leave to file *in forma pauperis* [4] and denies Plaintiff's motion for attorney representation [3]. The Court authorizes and orders Menard Correctional Center trust officials to deduct $61.61 from Plaintiff's account and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the inmate trust accounts office at Menard Correctional Center. The Clerk shall issue summonses to Defendants, and the U.S. Marshal is directed to serve them. The Clerk is further directed to send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order.

■[**For further details see text below.**]     Docketing to mail notices.

## STATEMENT

    Plaintiff, a state prisoner in custody at Menard Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges a violation of his due process rights. More specifically, Plaintiff alleges that correctional officials at Stateville Correctional Center failed to follow the administrative directives governing preparation of the disciplinary report he was served with on January 9, 2012. Plaintiff further pleads that he submitted a written statement in his defense at the adjustment committee hearing, which was held on January 17, 2012. He further alleges that he was found guilty by the adjustment committee of the charges brought against him without a clear statement of the charges being brought against him. Plaintiff also makes a claim regarding the investigation and handling of his grievances. Plaintiff sues Defendants at Stateville Correctional Center, Pontiac Correctional Center, and in Springfield.

    Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $61.61. The supervisor of inmate trust accounts at Menard Correctional Center is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $400 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Menard inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

    Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting Plaintiff's factual allegations as true, the Court finds **(CONTINUED)**

    AWL

| STATEMENT (continued) |
|---|

that the complaint states a colorable cause of action under the Civil Rights Act as to Defendants Tarr, Tejarto, Hamilton, Joyner, Pfister, and Hastings for violation of Plaintiff's right to due process. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). While a more fully developed record may belie the Plaintiff's allegations, these Defendants must respond to the complaint.

The Clerk shall issue summonses for service of the complaint on Defendants Tarr, Tejarto, Hamilton, Joyner, Pfister, and Hastings (hereinafter, "Defendants"). The Clerk also shall send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former employee who can no longer be found at the work address provided by Plaintiff, the Illinois Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by FED. R. CIV. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff has submitted a motion for attorney representation. The motion is denied. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); see also *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, No. 12-1182, --- F.3d ---, 2013 WL 2321349, at *3 (7th Cir. May 29, 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc)). If so, the Court must examine "whether the difficulty of the case–factually and legally–exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 2013 WL at *7 (quoting *Pruitt*, 503 F.3d at 655). "The question * * * is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as Plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

After considering the above factors, the Court concludes that the solicitation of counsel is not warranted in this case. First, Plaintiff has failed to show either that he has made reasonable efforts to retain private counsel or that he has been effectively precluded from making such efforts. Second, the complaint sets forth cognizable claims and Plaintiff has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. At this point, Plaintiff appears more than capable of litigating this matter. It should additionally be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motion for attorney representation is denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the Court may revisit this request.

STATEMENT  (continued)